IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

MINES V. PRANTE-BALLUE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MARIA E. MINES, NOW KNOWN AS MARIA E. AHRENS, APPELLEE,

V.

BRODY A. PRANTE-BALLUE, APPELLANT.

Filed July 21, 2026.    No. A-25-861.

Appeal from the District Court for Otoe County: JULIE D. SMITH, Judge. Affirmed.

Brody A. Prante-Ballue, pro se.

Sean T. Kipp, of Reinsch, Slattery, Bear, Minahan & Prickett, P.C., L.L.O., for appellee.

RIEDMANN, Chief Judge, and BISHOP and FREEMAN, Judges.

FREEMAN, Judge.

### INTRODUCTION

Brody A. Prante-Ballue appeals from the order of the Otoe County District Court establishing paternity, child custody, and child support for his child, Oliver. The district court awarded the child's mother, Maria E. Mines, physical custody and ordered Brody to pay child support. For the reasons explained below, we affirm.

### BACKGROUND

We begin by noting no bill of exceptions was filed in this appeal. The factual basis was compiled from the pleadings filed by the parties.

Maria and Brody are the unmarried biological parents of Oliver, born in 2021. From Oliver's birth until November 2022, Oliver lived on the western side of Nebraska in Kimball and Sidney. In November 2022, Oliver moved with Maria to Nebraska City on the eastern side of Nebraska.

- 1 -

On November 18, 2024, Maria filed a complaint for paternity, custody, parenting time, and child support. Brody was served on November 25. On December 23, Brody registered his e-mail address as a self-represented litigant with the district court and requested an extension of time to file an answer. On February 24, 2025, Brody notified the district court that his address was on the western side of Nebraska in Lodgepole.

On April 8, 2025, Maria moved for temporary orders regarding custody and child support for Oliver. A hearing was set for May 5. On April 28, Brody requested to appear at the hearing by Zoom, and though the record does not contain a specific order by the district court, the judge noted that Brody appeared by Zoom for the May 5 hearing. The district court awarded Maria temporary sole legal and physical custody of Oliver and ordered that Brody pay $620 per month in child support. Brody was awarded parenting time with Oliver for one weekend a month during the school year and two months in the summer.

On May 19, 2025, Brody moved to set aside child support and reconsider the temporary child custody order. The district court held a hearing on June 16, after which it advised Brody's motion to set aside child support order and reconsider temporary custody order was taken under advisement. The record does not contain how the district court ruled on Brody's motion.

Trial was held on October 3, 2025. By the time of trial, Brody still had not filed an answer. On October 9, the district court issued an order establishing paternity, child custody, parenting time, and child support for Oliver. Brody was found to be the natural father of Oliver. The district court found that both parents were fit to have legal and physical custody. The district court awarded both parties joint legal custody with Maria having the final authority on education. While both parents were found fit, the district court determined that the parents lived "too far apart geographically to allow for joint physical custody" and awarded Maria physical custody.

In support of its physical custody award, the district court found that Maria had moved to Nebraska City in November 2022. Brody did not take court action within the two years after her move, and Maria was the first to file in November 2024. In Nebraska City, Maria has an enhanced job and living situation, and a spouse that also works in Nebraska City. Oliver can attend school in Nebraska City, which is more stable than Brody's plan to share home-schooling duties with Maria. Maria was not interested in home-schooling, nor did she have the time because of her work schedule.

Brody was awarded parenting time with Oliver for one weekend a month during the school year and for two months during the summer. Brody was ordered to pay $390 per month in child support. In awarding child support, the district court considered Brody's two additional children in its calculation.

On October 16, 2025, Brody moved to alter or amend the judgment entered by the district court stating that the district court erred in its findings and by excluding evidence. The district court denied Brody's motion without a hearing.

Brody, a self-represented litigant, appeals.

ASSIGNMENTS OF ERROR

Brody assigns, restated, that the district court erred (1) by not fully considering the best interests "of all minor children affected," (2) by relying on an incomplete evidentiary record, (3) by sustaining foundation objections to evidence, (4) by ordering that witnesses only appear in

person, (5) by treating Brody's school decisions as a negative factor against him, (6) in its relocation findings, (7) in its financial findings, (8) in its service requirements that prevented Brody from meaningfully responding to pleadings, and (9) in the temporary orders. Brody also asserts that the district court's errors amount to cumulative error.

## STANDARD OF REVIEW

In a filiation proceeding, questions concerning child custody determinations are reviewed on appeal de novo on the record to determine whether there has been an abuse of discretion by the trial court, whose judgment will be upheld in the absence of an abuse of discretion. *Franklin M. v. Lauren C.*, 310 Neb. 927, 969 N.W.2d 882 (2022).

We review child support cases de novo on the record and will affirm the trial court's decision in the absence of an abuse of discretion. *State on behalf of A.E. v. Buckhalter*, 273 Neb. 443, 730 N.W.2d 340 (2007).

When there is no bill of exceptions, we examine and consider only the pleadings in conjunction with the judgment reviewed. *William P. v. Jamie P.*, 313 Neb. 378, 984 N.W.2d 285 (2023). In the absence of a record of the evidence considered by the court, it is presumed on appeal that the evidence supports the trial court's orders and judgment. *Id.*

## ANALYSIS

While Brody properly assigned his errors, we are limited in our review because Brody failed to properly request a bill of exceptions. Furthermore, Brody failed to sufficiently argue his assigned errors in his brief.

Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court. *State v. Anthony*, 320 Neb. 757, 30 N.W.3d 187 (2026). Any party who fails to properly identify and present its claim does so at its own peril. *Id.* Depending on the particulars of each case, failure to comply with the mandates of Neb. Ct. R. App. P. § 2-109(D) (rev. 2025) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all. *State v. Anthony, supra.*

Often an appellant's brief provides enough information to proceed on a plain error review; however, we are unable to do so here in the absence of a bill of exceptions. Accordingly, we limit our review to examining and considering the pleadings in conjunction with the factual findings made and judgments ordered.

Brody's first seven assignments of error and his assigned cumulative error require us to review the bill of exceptions for error. The responsibility for filing a bill of exceptions for appellate review rests with the appellant. See Neb. Rev. Stat. § 25-1140 (Reissue 2016). It is incumbent upon the appellant to present a record supporting the errors assigned. *William P. v. Jamie P., supra.* In the absence of a complete bill of exceptions, an appellate court presumes that the issues of fact in the order of the trial court were supported by the evidence and were correctly determined. *Id.* Based on the limited record Brody has presented on appeal, we presume the district court's findings are correct.

Brody's next assignment of error that service requirements prevented him from responding to pleadings does not require us to review the bill of exceptions. However, we decline to conduct a review because Brody failed to sufficiently argue this assigned error. Where an appellant's brief

contains conclusory assertions unsupported by a coherent analytical argument, the appellant fails to satisfy the requirement that the party asserting the alleged error must both specifically assign and specifically argue it in the party's initial brief. *Timothy L. Ashford, PC LLO v. Roses*, 313 Neb. 302, 984 N.W.2d 596 (2023). Brody's argument section only consists of a paragraph summary of pertinent facts for each assignment of error. He does not cite to the transcript, nor does he provide any case law in support of his argument. Therefore, we are unable to ascertain what Brody specifically argues prejudiced his ability to respond to pleadings.

Brody's remaining assignment of error regarding the temporary custody order is moot. The issue of whether the temporary order was granted in error was relevant only from the time it was ordered until it was replaced by the order determining permanent custody. See *State on behalf of Pathammavong v. Pathammavong*, 268 Neb. 1, 679 N.W.2d 749 (2004). Therefore, the issues pertaining to the temporary order are moot and need not be addressed to resolve this appeal. See *id.*

Consequently, based on the limited arguments and record available to us, we decline to review any of Brody's assigned errors.

CONCLUSION

Because there is no bill of exceptions for this court to review, we presume that the district court's judgment was supported by the evidence and correctly determined.

AFFIRMED.